FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 28, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

AMANDA D.,

Plaintiff,

v.

FRANK BISIGNANO,
Commissioner of Social Security,

Defendant.

No. 2:25-CV-03072-JAG

**ORDER AFFIRMING THE DECISION OF THE ALJ**

**BEFORE THE COURT** is Plaintiff's Opening Brief, the Commissioner's Brief in response, and Plaintiff's Reply Brief. ECF No. 10, 17, 18. Attorney D. James Tree represents Amanda D. (Plaintiff); Special Assistant United States Attorney Michael Mullen represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before the undersigned by operation of Local Magistrate Judge Rule (LMJR) 2(b)(2), as no party returned a Declination of Consent Form to the Clerk's Office by the established deadline. ECF No. 3. After reviewing the administrative record and briefs filed by the parties, AFFIRMS the ALJ's decision.

## I. JURISDICTION

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on August 31, 2022, alleging disability since April 1, 2020, due to osteoarthritis, bipolar, tendinitis, obsessive compulsive disorder,

anxiety, panic attack, eating disorder (can't swallow food), depression, possible autistic, possible ADD. Tr. 182, 289. Plaintiff's claim was denied initially and on reconsideration, and she requested a hearing before an administrative law judge (ALJ). Tr. 113. A hearing was held on April 2, 2024, at which vocational expert Julie McKeown, and Plaintiff, who was represented by counsel, testified. Tr. 46-47. ALJ Wendy Hollingsworth presided. Tr. 46. The ALJ denied benefits on April 18, 2024. Tr. 14. The Appeals Council denied review. Tr. 1. The ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on May 22, 2025. ECF No. 1.

## II. STATEMENT OF FACTS

The facts of the case are set forth in detail in the transcript of proceedings and the ALJ's decision and are only briefly summarized here. Plaintiff was born in 1978 and was 42 years old on the alleged onset date. Tr. 74. Plaintiff's past jobs include head cook at a school cafeteria and a gambling dealer. Tr. 28.

## III. STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## IV. SEQUENTIAL EVALUATION PROCESS

The Commissioner established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## V. ADMINISTRATIVE FINDINGS

On April 18, 2024, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At ***step one***, the ALJ found Plaintiff had not engaged in substantial gainful activity since April 1, 2020. Tr. 19.

At ***step two***, the ALJ found Plaintiff had the severe impairments of bipolar, generalized anxiety disorder, major depressive disorder, attention deficit hyperactivity disorder, fibromyalgia, somatic symptom disorder, and osteoarthritis. Tr. 19.

At ***step three***, the ALJ determined Plaintiff does not have an impairment or combination of impairments that meets or medically equal one of the listed impairments in 20 C.F.R., Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). Tr. 20.

The ALJ also found Plaintiff has the residual functional capacity ("RFC") to perform light work, with the following limitations:

> [C]laimant can occasionally climb ramps or stairs; occasionally climb ladders, ropes, or scaffolds; occasionally balance, kneel, stoop, crouch, and crawl; has the ability to understand, remember, and carry out instructions to perform simple tasks; can respond appropriately to others and work situations where there is frequent interaction with supervisors, coworkers, and the general public; should not work in an environment that is stringently production or quota-based, and thus may not perform fast-paced assembly line type of work but can meet production requirements that allow a flexible and goal oriented pace; and can tolerate only occasional changes to the work setting.

Tr 22.

At ***step four***, the ALJ found that Plaintiff could not perform past relevant work as a head cook for a school cafeteria or a gambling dealer. Tr. 28.

At ***step five***, the ALJ found that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC,

Plaintiff was capable of performing jobs that existed in significant numbers in the national economy, including the jobs of housekeeping cleaner, laundry sorter and small products assembler. Tr. 29-30.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision. Tr. 30.

## VI. ISSUES

The question presented is whether substantial evidence exists to support the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends that the ALJ erred by improperly discounting Plaintiff's subjective symptoms and improperly discounting the opinion of treating medical provider Salvador Lopez.

## VII. DISCUSSION

### A. Plaintiff's Subjective Statements.

Plaintiff contends the ALJ erred by improperly rejecting her subjective complaints. ECF No. 10. It is the province of the ALJ to make determinations regarding a claimant's subjective statements. *Andrews*, 53 F.3d at 1039. However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996), *see also*, *Lester v. Chater,* 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what

testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ properly considered Plaintiff's subjective complaints, accepting most of Plaintiff's complaints and supporting discredited testimony with specific, clear and convincing reasons. Plaintiff complains the ALJ improperly discredited Plaintiff's subjective complaints regarding fibromyalgia and mental health arguing the ALJ merely recited the record without articulating reasons for the discounting the testimony. Case law requires the Court to rely only on those reasons provided by the ALJ; the Court relies on the entirety of the ALJ's opinion including reasonable inferences. *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).

Here, the ALJ painstakingly recites to the record indicating the inconsistencies between Plaintiff's reported symptoms and her reported activities (Plaintiff reported in her function report that "her husband helps her get dressed and ties her shoes" and "does all the housework," Tr. 23, but also, "At the psychological consultative examination, she reported that she shops and does laundry weekly though she testified at the hearing that she does no chores." Tr. 21); improvement of symptoms through use of medications ("Overall, the medical records as whole show that claimant's symptoms improve when claimant takes her medication." Tr. 22.); Plaintiff's preference for pursuing social security benefits rather than treatment ("Storlie's impression stated that Claimant was resistant to medication changes and was requesting records be sent to Social Security. Moreover, claimant was unwilling to reschedule for another appointment with Storlie." Tr. 25); the dearth of objective medical evidence supporting Plaintiff's fibromyalgia claim ("Salvador Lopez PA-C indicated that claimant has 11 of 18 tender points. However, the record contains no further evidence - such as the evidence set forth in SSR 12-2p - needed to evaluate the impairment." Tr. 21);

and, inaccuracies in Plaintiff's reporting (Plaintiff testified that "she does not swallow food. (Hearing). Rather, she chews it and spits it out. (Hearing)," but "[t]here was no DSM disorder for symptoms reported, plus her report was incongruent with weight and health." Tr. 25.). While the ALJ's opinion could have been more explicit, the ALJ's reasoning and basis for rejecting Plaintiff's subjective complaints is well supported by the ALJ's detailed review of the record.

**B. Medical Opinion of PA-C S. Lopez**

For claims filed on or after March 27, 2017, the ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. § 416.920c(a) and (b), 20 C.F.R. § 404.1520c(c). The factors for evaluating the persuasiveness of medical opinions and prior administrative findings include supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). 20 C.F.R. § 416.920c(c)(1)-(5), 20 C.F.R. § 404.1520c(c).

Supportability and consistency are the most important factors, and the ALJ must explain how both factors were considered. 20 C.F.R. § 416.920c(b)(2), 20 C.F.R. § 404.1520c(c). The ALJ may explain how the ALJ considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.* Supportability and consistency are explained in the regulations:

> (1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

> (2) *Consistency*. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 416.920c(c)(1)-(2) and 20 C.F.R. § 404.1520c(c).

The Ninth Circuit has addressed the issue of whether the regulatory framework displaces the longstanding case law requiring an ALJ to provide specific and legitimate reasons to reject an examining provider's opinion. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). The Court held that the 2017 regulations eliminate any hierarchy of medical opinions, and the specific and legitimate standard no longer applies. *Id.* at 788-89, 792. The Court reasoned the "relationship factors" remain relevant under the new regulations, and thus the ALJ can still consider the length and purpose of the treatment relationship, the frequency of examinations, the kinds and extent of examinations that the medical source has performed or ordered from specialists, and whether the medical source has examined the claimant or merely reviewed the claimant's records. *Id.* at 790, 792. Even under the new regulations, an ALJ must provide an explanation supported by substantial evidence when rejecting an examining or treating doctor's opinion as unsupported or inconsistent. *Id.* at 792.

Plaintiff challenges the ALJ's evaluation of PA-C Salvador Lopez's opinion because the ALJ omitted a supportability finding. Although the ALJ did not use the word "supportability," the lack of supportability weighed heavily in the ALJ's analysis of PA-C Lopez's opinion. The ALJ noted that while PA-C Lopez believed that Plaintiff was awaiting a psychiatrist on May 30, 2023, as of January 2, 2024, Plaintiff had not "received further treatment from a mental health specialist." Tr. 25. Further,

> In a medical statement dated May 30, 2023, Salvador Lopez, PA-C, indicated that claimant's fibromyalgia and bilateral knee arthritis produced pain and that she may have side effects such as grogginess from medication. (B6F/1). However, he indicated her prognosis was fair to good.

TR. 26. The ALJ noted that despite treatment notes and misimpressions of Plaintiff's mental health treatment, PA-C Lopez opined limitations incongruous with the objective findings. Tr. 27-28. ("The undersigned finds this opinion unpersuasive as it is inconsistent with objective imaging showing only mild degenerative changes and claimant's positive response to medications for mental health impairments." Tr. 28.

## VIII. CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is supported by substantial evidence and is not based on legal error. Scattered organization and failure to use terms of art is not legal error. The ALJ's analysis met all legal requirements and was meticulously tied to the record. Accordingly, **IT IS ORDERED**:

1. Defendant's request to affirm the decision of the ALJ, **ECF No. 17**, is **GRANTED**.

2. Plaintiff's request to remand for benefits, **ECF No. 10**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

DATED September 28, 2026.

JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE